

# NUMBER 13-24-00127-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RANDOLPH REED,                                                                    Appellant,

v.

CHARLIE CLARK AUTO CARE, LLC,                                          Appellee.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 3
## OF CAMERON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva**
**Memorandum Opinion by Justice Benavides**

This matter is before the court on appellant's failure to file a brief. After granting appellant's first motion for extension of time to file a brief, appellant's brief was due to be filed on or before July 30, 2024. On August 9, 2024, the Clerk of the Court notified appellant via email that his brief was past due. Appellant was further notified that if he failed to reasonably explain the failure to file a brief within ten days from the date of the

notice, the appeal would be dismissed for want of prosecution. *See* TEX. R. APP. P. 42.3(b), (c).

On August 27, 2024, the Clerk of the Court sent appellant notice that his brief was past due. Appellant was further notified that if he failed to reasonably explain the failure to file a brief within ten days from the date of the notice, the appeal would be dismissed for want of prosecution. *See id.* This notice was entitled final notice and was sent via email and certified mail, return receipt requested. On September 10, 2024, the clerk's final notice was returned to sender and marked "return to sender," "attempted-not known," and "unable to forward." Copies of each notice were emailed to appellant's only known email address.

Texas Rule of Appellate Procedure 9.1(b) requires unrepresented parties to sign any document filed and "give the party's mailing address, telephone number, fax number, if any, and email address." *See id.* R. 9.1(b). Appellant has not provided updated contact information if the information currently on file for him is incorrect.

Furthermore, Texas Rule of Appellate Procedure 42.3 permits an appellate court, on its own initiative after giving ten days' notice to all parties, to dismiss the appeal for want of prosecution or for failure to comply with a requirement of the appellate rules. *See id.* R. 42.3(b), (c). Accordingly, we dismiss the appeal for want of prosecution. *See id.*

GINA M. BENAVIDES
Justice

Delivered and filed on the
3rd day of October, 2024.

2